IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| **ASTEC AMERICA, INC.** | § | |
| | § | |
| v. | § | |
| | § | CIVIL ACTION NO. 6:07-cv-464 |
| **POWER-ONE, INC.** | § | |

## MEMORANDUM OPINION & ORDER

Before the Court is Defendant Power-One, Inc.'s Motion to Stay Pending Resolution of Appeal in Related Case (Doc. No. 70). For the reasons discussed herein, Defendant Power-One's motion is **GRANTED IN PART** and **DENIED IN PART**.

## BACKGROUND

Plaintiff Astec America, Inc. (hereinafter "Astec") brought the present lawsuit against Defendant Power-One, Inc. (hereinafter "Power-One") seeking a declaratory judgment that United States Patents Nos. 6,936,999; 6,949,916; 7,000,125; and 7,049,798 (hereinafter "patents-at-issue") are invalid, and also that Astec has not infringed the claims of any of the patents-at-issue. Power-One now moves the Court to stay the present proceedings pending the Federal Circuit's ruling on an appeal of a related case involving the same patents.

In the separate litigation (presently before the Federal Circuit), *Power-One, Inc. v. Artesyn Techs., Inc.*, Civ. No. 2:05-cv-463 (hereinafter "the 463 litigation"), Power-One sued Artesyn Techonologies, Inc. (hereinafter "Artesyn") for infringement of the patents-at-issue in the Eastern District of Texas.[1] During the course of litigation, Astec's parent company, Emerson Electric

---

[1] The present case is heavily intertwined with several aspects of the 463 litigation. For a more detailed discussion of the litigation history involving Power-One, Astec, and Artesyn as it played out in the 463 litigation, see *Power-One, Inc. v. Artesyn Techs., Inc.*, 2007 WL 2986671 (E.D. Tex. 2007). *See also Astec America, Inc. v. Power-One, Inc.*, 2008

(hereinafter "Emerson"), also acquired Artesyn. After Power-One learned of the acquisition, it moved to add Astec and Emerson as parties in the 463 case. *See Power-One, Inc. v. Artesyn Techs.*, Civ. No. 2:05-cv-463 (Doc. No. 256). At the time Power-One presented its motion to add Astec and Emerson as parties, the 463 case was weeks from trial, and the discovery deadline and dispositive motion deadlines had lapsed. *Power-One, Inc.*, 2:05-cv–463 (Doc. Nos. 107, 256). Shortly thereafter, the Court pushed the trial date back three months (for unrelated reasons). *See Power-One, Inc.*, 2:05-cv–463 (Doc. No. 283). After the trial was pushed back, Power-One filed separate motions seeking to include certain Astec products in the case, including the Atlas, Batoka, and Venus devices (hereinafter "the Astec products").[2] *See Power-One, Inc. v. Artesyn Techs., Inc.*, 2:05-cv-463 (Doc. Nos. 293, 298). Despite discovery from Astec in the 463 case, Power-One nonetheless noted it knew relatively little about whether the Astec products infringed the patents-at-issue.[3] *Power-One, Inc. v. Artesyn Techs., Inc.*, 2007 WL 2986671, at *2 (E.D Tex. 2007). As a result of the temporal proximity to trial, Power-One's uncertainty after discovery as to whether the

---

WL 1734833, at *1-2 (E.D. Tex. Apr. 11, 2008).

[2]

Power-One sought to add Astec's Atlas, Venus, Sun Batoka, and DPL15E products through at least two different motions. *See Power-One, Inc. v. Artesyn Techs., Inc.*, 2:05-cv-463 (E.D. Tex. 2007) (Doc. Nos. 293, 298). In one motion, Power-One sought to add the Astec products to the 463 litigation as a sanction for alleged discovery violations. *Power-One, Inc.*, 2:05-cv-463 (Doc. No. 293). As part of the sanction, Power-One requested the Court find Astec's products were substantially similar to the accused product in the 463 litigation, and that any determination that the accused product in the 463 litigation infringed Power-One's patents would also apply to Astec's products. *Id.*

In another motion, Power-One sought to amend its infringement contentions to include Astec's Atlas and Venus products. *See Power-One, Inc.*, 2:05-cv-463 (Doc. No. 298). The Court denied all of Power-One's attempts to include Astec and its products in the 463 litigation in part because all such claims could be more readily addressed in the present litigation. *See Power-One, Inc. v. Artesyn Techs., Inc.*, 2007 WL 2986671, at *8 (E.D. Tex. 2007) ("The Court sees no reason why these related products cannot be addressed in the Astec litigation now pending before this Court.").

[3]

Power-One moved for discovery specifically from Astec in the 463 case, which the Court granted. *See Power-One, Inc. v. Artesyn Techs., Inc.*, Civ. No. 2:05-cv-463 (Doc. Nos. 167, 291); *Power-One, Inc. v. Artesyn Techs., Inc.*, 2007 WL 2986671, at *2 (E.D. Tex. 2007) (noting Astec was subpoenaed).

Astec products infringed, and legal concerns involving Astec's constitutional due process rights, the Court denied Power-One's motions to add Astec, Emerson, and the Astec products to the 463 case. *See Power-One, Inc. v. Artesyn Techs., Inc.*, 2007 WL 2986671 (E.D. Tex. 2007). Thereafter, the 463 litigation proceeded to trial between Power-One and Artesyn on two of the four patents-at-issue.[4] The jury found the '999 and '125 patents not to be invalid, and also found Artesyn had infringed the '125 patent. Artesyn has appealed the verdict and a number of the Court's rulings, including the Court's claim construction for the '125 and '999 patents.

Astec filed the present lawsuit against Power-One during the course of the separate Power-One and Artesyn litigation.[5] The patents-at-issue in the present case are the same patents the Court construed and tried to verdict in the separate litigation. One of the claim terms in the previous case, "POL regulator," was the subject of many disputes between Power-One and Artesyn. In the instant motion, Power-One argues the infringement and validity questions in this case will depend heavily on the claim construction from the 463 case, particularly the Court's construction of "POL regulator." With the Court's claim construction opinion and other rulings on the same patents presently before the Federal Circuit, Power-One argues a stay would ensure the parties avoid the unnecessary risks of proceeding through discovery and trial only to have these rulings altered by the Federal Circuit, thereby potentially forcing the parties to start over in both cases.

Astec opposes an unconditioned stay. Astec claims Power-One has chilled the DC-DC power

---

[4] Power-One did not assert the '916 and '798 patents at trial, and Power-One recently agreed to dismiss with prejudice all remaining infringement claims against Artesyn on the '916 and '798 patents. *See Power-One, Inc. v. Artesyn Techs., Inc.*, Civ. No. 2:05-cv-463 (E.D. Tex. 2008) (Doc. No. 448).

[5] Astec originally filed the case in the Central District of California, but the case was transferred to the Eastern District of Texas. One of the reasons cited for transfer was the effort the Court had already expended in completing a claim construction of the patents-at-issue in the related Power-One and Artesyn litigation.

converter market through continued press releases liberally construing both the patents-at-issue and the Court's rulings from the 463 case in order to give the impression that Power-One's patents cover using digital communications with virtually any on-board DC-DC converter. Astec also notes Power-One has not accused the products at issue in this action of infringement, and has not sought a preliminary injunction. Based on these factors, Astec argues an unconditioned stay would act as a *de facto* injunction, and would unfairly stifle competition in the DC-DC power converter industry without Power-One even asserting infringement. Instead, Astec argues any stay should be entered only upon the condition that Power-One may not seek any enhanced damages or attorneys fees for any acts of alleged infringement arising from Astec's activities during the pendency of a stay for which Power-One does not obtain a preliminary injunction precluding such alleged infringement.

## ANALYSIS

A district court has the inherent power to control its own docket, including the power to stay proceedings. *Soverain Software LLC v. Amazon.com, Inc.*, 356 F. Supp. 2d 660, 662 (E.D. Tex. 2005); *see also Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936) ("The power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants"). Optimal management of the Court's docket "calls for the exercise of judgment, which must weigh competing interests and maintain an even balance." *Landis*, 229 U.S. at 254-55. In deciding whether to stay a case pending appeal, courts primarily consider the following criteria: (1) whether the movant has made a showing of likelihood of success on the merits, (2) whether the movant has made a showing of irreparable injury if the stay is not granted, (3) whether the granting of the stay would substantially harm the other parties, and (4) whether the granting of the stay would serve the public interest. *Williams v.*

*Schmidt*, 2006 WL 2136207, at *1 (S.D. Tex. 2006) (citing *In re First South Sav. Ass'n*, 820 F.2d 700, 709 (5th Cir. 1987)).

The application of the four criteria for a stay pending appeal, particularly the first factor, is problematic under the circumstances.[6] Often the party seeking the stay pending an appeal is an enjoined party trying to prevent execution of an injunction during the pendency of the appellate process. *See, e.g., Ruiz v. Estelle*, 666 F.2d 854, 856 (5th Cir. 1982). The first criterion, "whether the movant has made a showing of likelihood of success on the merits," reflects part of the hesitancy of the courts to stay execution of an injunction without sufficient reason for doing so. In this instance, the party seeking the stay (Power-One) is not the same party making the appeal. Given that Power-One will be advocating against the appeal in the related litigation, it is unsurprising that Power-One made no effort to argue the likelihood of Artesyn's success on its appeal in the earlier

---

[6]

In the briefing, the parties' offered and argued the legal standard for a stay pending reexamination by the Patent and Trademark Office, which Power-One presented in its motion as the legal standard for weighing motions for a stay "pending resolution of a related action." DEF. POWER-ONE, INC.'S MOT. TO STAY PENDING RESOLUTION OF APPEAL IN RELATED CASE AT 2. While the standards for seeking a stay while awaiting patent reexamination by the PTO and seeking a stay while awaiting an appellate Court's ruling are different, the parties' generally moving for a stay in such situations are in similar positions in a patent case. In a reexamination, the PTO could amend claims, which makes proceeding through a claim construction during such a process risky, as later-altered claim language could render the parties' efforts fruitless and force them to start over. Similarly, parties awaiting ruling from the Federal Circuit on an appeal of a prior claim construction of the same patents-in-suit from a related litigation also risk an altered claim construction opinion that could force the parties to start over should they proceed through discovery and trial. Given the situations of the parties in each circumstance, the legal standard for weighing a motion for stay pending reexamination is highly applicable to the present case. Were the Court to apply the criteria for a stay pending reexamination, those factors would also weigh in favor of granting a stay.

The Court generally considers three factors when weighing a stay pending reexamination of the patent-in-suit by the PTO: (1) whether a stay would unduly prejudice or present a clear tactical disadvantage to the nonmoving party, (2) whether a stay will simplify the issues in question and trial of the case, and (3) whether discovery is complete and whether a trial date has been set. *See, e.g., Soverain Software LLC v. Amazon.com, Inc.*, 356 F. Supp. 2d 660, 662 (E.D. Tex. 2005). As discussed later in the opinion, the Court is entering the stay on certain conditions designed to limit any prejudice or tactical disadvantages to the parties, which limits the impact of the first factor. The second factor weighs heavily in favor of granting a stay, as the Federal Circuit ruling on the Court's prior claim construction order and other rulings will most certainly simplify the issues for trial. Finally, while a trial date has been set, it is unclear how much discovery will be necessary given the extent of the parties' discovery during the course of the prior litigation. What discovery Astec may need, however, will certainly be impacted by the Federal Circuit's ruling on the prior claim construction. Therefore, the third factor also would weigh in favor of staying the case.

case. However, in prior cases dealing with this issue, the Fifth Circuit has noted that "on motions for stay pending appeal the movant need not always show a 'probability' of success on the merits; instead, the movant need only present a substantial case on the merits when a serious legal question is involved, and show that the balance of the equities weighs heavily in favor of granting the stay."[7] *Ruiz v. Estelle*, 650 F.2d 555, 565 (5th Cir. 1981). While Power-One has made no attempt to show the appeal is likely to succeed on the merits, there are undoubtedly a number of substantial legal questions involved in the appeal of the earlier litigation between Power-One and Artesyn that could have a dramatic effect on the present case. Potentially the most dramatic effect would be an alteration of the Court's prior claim construction for the patents-in-suit. As Power-One noted in its brief, "[t]he claim construction order is in effect a blueprint for litigations ... [, and as such,] [i]t makes little sense to continue fact discovery and expert discovery based on a blueprint that may be thrown out or modified." DEF. POWER-ONE, INC.'S MOT. TO STAY PENDING RESOLUTION OF APPEAL IN RELATED CASE AT 4.

Regardless of the analysis of the first criterion (and the weight assigned to it), the other three criteria weigh overwhelmingly in favor of granting a stay. Under the circumstances, the potential for irreparable harm is high. As noted, any change in the claim construction order from the prior litigation, particularly to a term such as "POL regulator," could have a dramatic effect on how the parties conduct discovery and prepare for trial. In addition to the claim construction opinion, the Federal Circuit will also evaluate a number of the Court's other rulings in the 463 case on summary

---

[7] However, the Fifth Circuit has also noted that "[l]ikelihood of success remains a prerequisite in the usual case even if it is not an invariable requirement. Only 'if the balance of the equities (*i.e.* consideration of the other three factors) is ... *heavily tilted* in the movant's favor' will we issue a stay in its absence, and, even then, the issue must be one with patent substantial merit." *Ruiz v. Estelle*, 666 F.2d 854, 857 (5th Cir. 1982) (emphasis in original). In this instance, the remaining factors are heavily tilted in favor of granting the stay.

judgment and post-trial motions. These motions, which were often based heavily on the Court's claim construction, included arguments pursuing anticipation, obviousness, and invalidity for failure to disclose the best mode. The jury's verdict was also reached based on fact determinations made in light of the Court's claim construction opinion. Should the Federal Circuit alter the prior claim construction opinion or reverse a ruling on any of the motions pursuing the invalidity arguments, the patents-at-issue could ultimately be rendered invalid, and the present litigation would become moot. Litigation is expensive, and proceeding during the pendency of the appeal poses a great risk for significant economic harm for both parties.

For many of the same reasons not staying the case bears a high risk of irreparable harm, staying the case also presents relatively little potential prejudice to Astec.[8] Astec may want the Court to revisit the claim construction of the patents-at-issue from the prior proceeding, but it makes little sense to revisit the prior claim construction while the same constructions are before the Federal Circuit. Ultimately, many of the legal issues Astec wants answered are presently before the Federal Circuit, and therefore Astec may achieve part of what it is seeking in the present litigation (a definitive determination of invalidity of the patents-at-issue) in the appeal of the 463 case.

As for the final factor, the public interest would also be served by staying the present case. Controlling litigation expenses and conservation of judicial resources serves not only the parties and the Court, but also the public as a whole. *See Zoltar Satellite Sys., Inc. v. LG Elec. Mobile Comms.*

---

[8] In its response, Astec does not appear to oppose a stay, but rather a stay that is unconditioned. Astec opposes an unconditioned stay because it argues it will be prejudiced if Power-One is granted a stay and can still seek attorneys' fees and enhanced damages for any acts of infringement occurring during the stay, particularly since Power-One has not asserted infringement as yet, and Astec brought the declaratory judgment action in attempt to remove any cloud of uncertainty as to infringement. As discussed *infra*, the Court is granting the stay with certain conditions in place in order to ensure Astec is not unduly prejudiced by the stay.

*Co.*, 402 F. Supp. 2d 731, 735 (E.D. Tex. 2005) (noting public interest factors encompass "the interest[s] of justice consideration," and the interests of justice include consideration of judicial economy). Ultimately, there are substantial legal issues on appeal that open the parties and Court to a high risk of costly duplicative litigation if the present case is not stayed. When weighing the entirety of the factors, there is little harm in staying the case, and a stay is the most effective means of avoiding great risks of serious harm to the parties. Accordingly, the court finds a stay is warranted and necessary under the present circumstances.

Though the Court has found a stay appropriate, the Court must also address Astec's request that any stay be subject to certain conditions. In the prior litigation, Power-One sought to assert infringement against some of Astec's products. *See Power-One, Inc. v. Artesyn Techs., Inc.*, 2007 WL 2986671 (E.D. Tex. 2007). Despite raising infringement claims against Astec then, Power-One now claims it does not possess enough information to assert infringement against Astec. AUDIO TAPE: *Astec America, Inc. v. Power-One, Inc.*, 6:07-cv-464 (E.D. Tex. May 13, 2008) (17:43-18:14) (on file at courthouse). Meanwhile, Astec claims Power-One has chilled the DC-DC converter market by threatening to assert infringement against Astec and broadly tying Astec to Artesyn in sweeping press release language discussing the 463 litigation. Astec argues Power-One's press releases during the 463 litigation created "a perception in the industry that Power-One's four asserted patents broadly cover[] the concept of using digital communications with virtually *any* on-board DC-DC converter." ASTEC AMERICA INC.'S OPP'N TO POWER-ONE, INC.'S MOT. TO STAY AT 4 (emphasis in original). According to Astec, the chill in the marketplace "primarily arises out of the fear that any sale, offering for sale, purchase or use of [the DC-DC converters at issue] would subject the party engaging in such an act to claims for treble damages and attorneys fees." *Id.* at 11-12. With

the uncertainty in the marketplace and the threat (but no assertion as yet) of infringement by Power-One, Astec argues an unconditioned stay would "leave the industry in a *status quo* situation where legitimate competition is stifled and where the industry is left awaiting clear and definite guidance as to what type of products are covered by the four Power-One patents at issue." *Id.* at 12. In response to Astec's arguments, Power-One claims that any "chill" in the marketplace exists as a result of the injunction Power-One obtained against Astec's sister company, and therefore, to any extent the market may be "chilled," it is the result of lawful and proper means.

Without making a finding on the truthfulness of Power-One's press releases or Artesyn's contention that the DC-DC converter market is "chilled," the Court agrees with Astec that a conditioned stay is appropriate under the unique circumstances of this case. Therefore, for the reasons discussed hereinafter, the Court will condition the stay for the duration of the appeal in the *Power-One, Inc. v. Artesyn Techs., Inc.* litigation as follows: Power-One will be unable to seek enhanced damages or attorneys' fees for any acts of alleged infringement arising from Astec's activities during the pendency of the stay for which Power-One was aware but does not seek a preliminary injunction precluding such alleged infringement. To the extent Power-One needs more discovery before asserting infringement, it can seek relief from the Court for specific discovery during the pendency of the stay.[9]

The conditioned stay entered by the Court protects and balances the interests of the parties.

---

[9] The Court sees no reason Power-One would need additional discovery in order to be able to determine if preliminary injunctive relief is appropriate since it was provided discovery from Astec in the 463 case. If there is something specific Power-One feels it needs in order to determine if preliminary injunctive relief is appropriate, Power-One may ask Astec for it, and if Astec is unwilling to produce it, Power-One may petition the Court. However, given the stay has been implemented, the Court will look very unfavorably on any redundant or unnecessary requests after Power-One received discovery and tried to assert infringement on these products in the 463 litigation.

Power-One gets the stay it requested, and if it believes a product being offered or sold by Astec infringes, it can seek a preliminary injunction as an immediate remedy to halt infringement. If it does not possess enough information to assert infringement at present, Power-One can petition the Court for specific discovery requests to pursue such claims. Regardless of whether it seeks a preliminary injunction, Power-One will retain the ability to proceed on infringement claims for acts of infringement occurring during the pendency of the stay, it just will be unable to seek attorneys' fees and enhanced damages if it does not seek a preliminary injunction. Meanwhile, the conditioned stay also benefits Astec. Regardless of whether there is any chill in the marketplace resulting from either Power-One's press releases or from Power-One threatening infringement but not actually asserting it against Astec, unconditionally staying Astec's declaratory judgment action would unduly prejudice Astec. By entering an unconditioned stay, the Court would be delaying Astec's chance to remove the alleged confusion in the market while allowing Power-One to avoid asserting infringement, thereby continuing any "chill" during the pendency of the stay as lingering questions persist as to whether Astec's products infringe Power-One's patents.[10] A declaratory judgment action is designed in part to allow parties to attempt to remove perceived confusion in the marketplace as to infringement of certain products one way or another–either by informing the marketplace the products do actually infringe, or removing all doubts. *See Elecs. for Imaging, Inc. v. Coyle*, 394 F.3d 1341, 1347 (Fed. Cir. 2005). The conditions of the stay give Power-One incentive to take action on whether it will actually assert infringement against Astec or not, which could

---

[10] While staying the case does prejudice Astec to some degree, denying a stay would also not address Astec's concerns. Proceeding with the present litigation is unlikely to remove any confusion while the appeal of the 463 litigation is still pending, since any judgment the parties obtain in this case would still be subject to the Federal Circuit's rulings on the claim construction order and other rulings on the various invalidity arguments from the 463 case. In an attempt to balance the parties' interests, the most logical solution is to condition the stay as the Court has done.

potentially alleviate some of the alleged confusion. More importantly, it would be against the interests of justice (and would severely prejudice Astec) to allow Power-One to avoid asserting infringement during the protracted stay Power-One requested, only to later seek enhanced damages for Astec's actions of which Power-One was aware during the pendency of the stay when a preliminary injunction is available as an immediate remedy.

In addition to practical considerations, the Court's conditions are also in line with the Federal Circuit's recent discussion on damages for willful infringement:

> [W]hen a complaint is filed, a patentee must have a good faith basis for alleging willful infringement. Fed. R. Civ. P. 8, 11(b). So a willfulness claim asserted in the original complaint must necessarily be grounded exclusively in the accused infringer's pre-filing conduct. By contrast, when an accused infringer's post-filing conduct is reckless, a patentee can move for a preliminary injunction, which generally provides an adequate remedy for combating post-filing willful infringement. *See* 35 U.S.C. § 283; *Amazon.com v. Barnesandnoble.com, Inc.*, 239 F.3d 1343, 1350 (Fed. Cir. 2001). A patentee who does not attempt to stop an accused infringer's activities in this manner should not be allowed to accrue enhanced damages based solely on the infringer's post-filing conduct.

*In re Seagate Tech., LLC*, 497 F.3d 1360, 1374 (Fed. Cir. 2007). Under the circumstances, the Court finds *Seagate*'s statements applicable. Power-One has not asserted infringement, much less willful infringement. Now that litigation is underway, seeking a preliminary injunction is an appropriate and immediate remedy to stop any perceived willful infringement. The alternative, allowing Power-One to accrue enhanced damages during a prolonged stay, would unduly expose Astec to greater damages than necessary when the preliminary injunction option is readily available. The Court is not saying a party must always obtain a preliminary injunction as a prerequisite to seeking post-filing enhanced damages in a patent infringement suit, only that the unique circumstances of this case call

for such action.

## CONCLUSION

For the foregoing reasons, Power-One's motion is **GRANTED IN PART** and **DENIED IN PART**. The present case is hereby stayed under the conditions discussed herein for the duration of the appellate process in the case of *Power-One, Inc. v. Artesyn Techs. Inc.*, 2:05-cv-463 (E.D. Tex. 2008). The Clerk's Office is **ORDERED** to administratively close the case until further order of the Court.

**So ORDERED and SIGNED this 15th day of July, 2008.**

_____
JOHN D. LOVE
UNITED STATES MAGISTRATE JUDGE